IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES NELSON,

    Plaintiff,

vs.                               Case No. 4:09cv315-SPM/WCS

PAINE WEBBER CORP., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, is an inmate incarcerated within the Florida Department of Corrections. Plaintiff's inmate number is 307445, and he is currently incarcerated in Madison, Florida, which is within the Northern District of Florida. Plaintiff has submitted a § 1983 civil rights case against thirty Defendants, including the Supreme Court of Florida, investment firms, and Fannie Mae. Doc. 1. Plaintiff states on the complaint form that he has previously had one case dismissed as frivolous, malicious, failing to state a claim, or prior to service. *Id.*, at 5.

Plaintiff's assertions are not truthful. Plaintiff also is untruthful in acknowledging the number of cases he has previously filed. He suggests he has only filed three other cases in federal court. Doc. 1. Plaintiff made these assertions under penalty of perjury.

Plaintiff does not acknowledge having initiated case 3:05cv969 in the Middle District of Florida on September 19, 2005. Plaintiff was incarcerated at Madison Correctional Institution at that time, and District Judge Harvey Schlesinger dismissed Plaintiff's civil rights case just a few days after Plaintiff initiated it, finding Plaintiff had cases 3:00cv872, 3:00cv873, 3:00cv874, 3:00cv856, 3:00cv857, and 3:00cv858 dismissed as frivolous, malicious, or for failure to state a claim. Doc. 4, case 3:05cv969.[1]

Plaintiff filed another case in the Middle District, 3:05cv785, which was transferred to the Northern District in August of 2005. Case 3:05cv331. The case was dismissed in May of 2006, for Plaintiff's repeated failure to follow and comply with court orders. Docs. 29, 31. When Plaintiff appealed that dismissal, the Eleventh Circuit initially granted him *in forma pauperis* status. However, the appellate court belatedly learned that Plaintiff had more than three cases dismissed under § 1915(e) and, thus, was barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g).

Due to the number of cases Plaintiff has previously initiated, and because he has previously had cases dismissed under 28 U.S.C. § 1915(g), it is clear Plaintiff is well aware that he is not entitled to proceed *in forma pauperis*. Plaintiff has attempted to

---

[1] Records of the United States District Court for the Middle District of Florida reveal Plaintiff had filed even more cases. There is no reason to cite all of those cases as it is clear Plaintiff is barred by § 1915(g) and cannot proceed here, even though he also has not acknowledged all prior case filed.

Case No. 4:09cv315-SPM/WCS

intentionally deceive this Court. Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." Zocaras v.Castro, 465 F.3d 479, 484 (11th Cir. 2006). Furthermore,"Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; see also 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1335 (3d ed. 2004) (noting that courts have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." Zocaras, 465 F.3d at 490; State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982).

    Due to Plaintiff's dishonesty in not acknowledging all prior cases, this case should be dismissed without prejudice. Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"). Moreover, Plaintiff cannot proceed with this case without full pre-payment of the $350.00 filing fee because Plaintiff is barred by § 1915(g) from being granted *in forma pauperis* status. Plaintiff's voluminous listing of Defendants in this case, including various insurance companies, the Supreme Court of Florida, and other financial organizations reveals that Plaintiff is not under imminent danger of serious physical injury.[2] This case should be dismissed.

---

[2] Plaintiff's motion for an injunction, doc. 4, is frivolous and is not relevant to the complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** as an abuse of the judicial process and Plaintiff's motion for leave to proceed *in forma pauperis*, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that the motion for an injunction, doc. 4, be **DENIED**, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on August 21, 2009.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**